MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE LOPEZ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| CHA PA'S NOODLES AND GRILL CORP. | |
| (D/B/A CHA PA'S NOODLES AND GRILL), | **ECF Case** |
| MICHAEL LIEN, JENNY LIEN, and ALEX | |
| DOE, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Jose Lopez ("Plaintiff Lopez" or "Mr. Lopez"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

his knowledge and belief, and as against Cha Pa's Noodles and Grill Corp. (d/b/a Cha Pa's Noodles

and Grill), ("Defendant Corporation"), Michael Lien,  Jenny Lien, and  Alex Doe, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Lopez is a former employee of Defendants Cha Pa's Noodles and Grill Corp.

(d/b/a Cha Pa's Noodles and Grill), Michael Lien, Jenny Lien, and Alex Doe.

2.       Defendants own, operate, or control a Vietnamese restaurant, located at 314 W 52nd

St, New York, NY 10019 under the name "Cha Pa's Noodles and Grill".

3.      Upon information and belief, individual Defendants Michael Lien, Jenny Lien, and Alex Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Lopez was employed as a delivery worker at the restaurant located at 314 W 52nd St, New York, NY 10019.

5.      At all times relevant to this Complaint, Plaintiff Lopez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Lopez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Lopez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Regardless, at all relevant times, Defendants paid Plaintiff Lopez at a rate that was lower than the required tip-credit rate.

9.      Defendants' conduct extended beyond Plaintiff Lopez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Lopez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Lopez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lopez's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Vietnamese restaurant located in this district. Further, Plaintiff Lopez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Jose Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens County, New York.

16.     Plaintiff Lopez was employed by Defendants at Cha Pa's Noodles and Grill from approximately June 28, 2016 until on or about July 14, 2020.

17.     Plaintiff Lopez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Vietnamese restaurant, located at 314 W 52nd St, New York, NY 10019 under the name "Cha Pa's Noodles and Grill".

19.     Upon information and belief, Cha Pa's Noodles and Grill Corp. (d/b/a Cha Pa's Noodles and Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 314 W 52nd St, New York, NY 10019.

20.     Defendant Michael Lien is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Lien is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Lien possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lopez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Jenny Lien is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jenny Lien is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jenny Lien possesses operational control over Defendant Corporation, an ownership interest in Defendant

Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Lopez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Alex Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Alex Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lopez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.     Defendants operate a Vietnamese restaurant located in the Hell's Kitchen neighborhood in Midtown Manhattan.

24.     Individual Defendants, Michael Lien, Jenny Lien, and Alex Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Lopez's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Lopez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Lopez (and all similarly situated employees) and are Plaintiff Lopez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Lopez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Michael Lien and Jenny Lien operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Lopez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lopez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lopez's services.

31.     In each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

33.     Plaintiff Lopez is a former employee of Defendants who was employed as a delivery worker.

34.     Plaintiff Lopez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Jose Lopez

35.     Plaintiff Lopez was employed by Defendants from approximately June 28, 2016 until on or about July 14, 2020.

36.     Defendants ostensibly employed Plaintiff Lopez as a delivery worker.

37.    Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.    Plaintiff Lopez's work duties required neither discretion nor independent judgment.

39.    From approximately June 28, 2016 until on or about August 2016, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 4:00 p.m., Mondays through Fridays (typically 25 hours per week).

40.    From approximately September 1, 2016 until on or about December 2016, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 10:30 p.m. to 10:45 p.m., 5 days a week (typically 57.5 to 58.75 hours per week).

41.    From approximately January 2017 until on or about March 15, 2020, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 10:30 p.m. to 10:45 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 4:00 p.m., 1 day a week (typically 51 to 52 hours per week).

42.    From approximately March 16, 2020 until on or about July 14, 2020, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 8:30 p.m., 4 days a week (typically 38 hours per week).

43.    From approximately June 28, 2016 until on or about December 2016, Defendants paid Plaintiff Lopez his wages in cash.

44.    From approximately 2017 until on or about March 15, 2020 and from approximately May 2020 until on or about July 14, 2020, Defendants paid Plaintiff Lopez his wages by check.

45.    From approximately March 16, 2020 until on or about April 2020, Defendants paid Plaintiff Lopez his wages by personal check.

46.     From approximately June 28, 2016 until on or about December 2016, Defendants paid Plaintiff Lopez $7.50 per hour (for all hours worked up to 50).

47.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Lopez $8.00 per hour (for all hours worked up to 50).

48.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Lopez $9.00 per hour for 40 hours and $13.50 per hour for additional hours worked over 40 (for all hours worked up to 50).

49.     From approximately January 2019 until on or about March 15, 2020, Defendants paid Plaintiff Lopez $10.00 per hour for 40 hours and $15.00 per hour for additional hours worked over 40 (for all hours worked up to 50).

50.     From approximately March 16, 2020 until on or about April 2020, Defendants paid Plaintiff Lopez a fixed salary of $240 per week.

51.     From approximately May 2020 until on or about July 14, 2020, Defendants paid Plaintiff Lopez $10.00 per hour.

52.     Plaintiff Lopez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Lopez to work an additional 1 hour and a half to 1 hour and 45 minutes past his scheduled departure time four days a week, and did not pay him for the additional time he worked.

54.     Although defendants granted Plaintiff Lopez a 10 to 15-minute break, Defendants did not give Plaintiff Lopez a set schedule, rather, Plaintiff Lopez took a break whenever he got a break from deliveries.

55.     From approximately June 28, 2016 until on or about April 2020, Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     On a number of occasions, Defendants required Plaintiff Lopez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

57.     In addition, in order to get paid, Plaintiff Lopez was required to sign a document in which Defendants misrepresented the hours that he worked per week.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

60.     In fact, Defendants adjusted Plaintiff Lopez's paystubs so that they reflected inaccurate wages and hours worked.

61.     Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including three bicycles, a helmet, a tire change and bicycle maintenance.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

64.     Plaintiff Lopez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

65.     Defendants' pay practices resulted in Plaintiff Lopez not receiving payment for all his hours worked, and resulted in Plaintiff Lopez's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Lopez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

67.     Plaintiff Lopez and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

68.     In violation of federal and state law as codified above, Defendants classified  Plaintiff Lopez and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

69.     Defendants failed to inform Plaintiff Lopez who received tips that Defendants intended to take a deduction against Plaintiff Lopez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

70.     Defendants failed to inform Plaintiff Lopez who received tips, that his tips were being credited towards the payment of the minimum wage.

71.     Defendants failed to maintain a record of tips earned by Plaintiff Lopez who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Lopez worked.

72.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73.     On a number of occasions, Defendants required Plaintiff Lopez to sign a document the contents of which he was not allowed to review in detail. Defendants required Plaintiff Lopez to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Lopez his wages in a combination of check, personal check and cash.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lopez (and similarly situated individuals) worked, and to avoid paying Plaintiff Lopez properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lopez and other similarly situated former workers.

78.     Defendants failed to provide Plaintiff Lopez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiff Lopez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.      Plaintiff Lopez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.     At all relevant times, Plaintiff Lopez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

82.     The claims of Plaintiff Lopez stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Lopez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Lopez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.     Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lopez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Lopez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Lopez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lopez less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Lopez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Lopez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

99.      Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lopez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants' failure to pay Plaintiff Lopez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.     Plaintiff Lopez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

103.      Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants failed to pay Plaintiff Lopez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lopez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

105.     Defendants' failure to pay Plaintiff Lopez an additional hour's pay for each day Plaintiff Lopez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Lopez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

107.    Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Lopez with a written notice, in English and in Spanish (Plaintiff Lopez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109.    Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.    Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

111.    With each payment of wages, Defendants failed to provide Plaintiff Lopez with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112.    Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

113.     Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants required Plaintiff Lopez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.    Plaintiff Lopez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lopez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lopez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lopez and the FLSA Class members;

(f)    Awarding Plaintiff Lopez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Lopez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Lopez;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lopez's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Lopez;

(m)      Awarding Plaintiff Lopez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Lopez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Lopez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Lopez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Lopez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lopez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 25, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 13, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Lopez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      13 de julio de 2020

*Certified as a minority-owned business in the State of New York*